IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

L'KEITH ANTWAN IRVING                                                    PLAINTIFF

v.                    Civil No. 6:17-CV-06066

CORPORAL HEATH DICKON and                                             DEFENDANTS
OFFICER CHRIS BRUNO

**ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

Plaintiff filed his Complaint on August 3, 2017. (ECF No. 1). He alleges his constitutional rights were violated by an illegal search and seizure on April 16, 2017. (ECF No. 1 at 4). Plaintiff indicates he is both in jail awaiting trial and serving a sentence as a result of a prior conviction. He indicates the date of the prior conviction was May 18, 2017. (ECF No. 1 at 3). Research by the Court, regarding Plaintiff's claimed pending state court trial, indicates Plaintiff has a pending *pro se* motion to suppress evidence in *State v. L'Keith Antwan Irving*, case no. 30CR-17-194 (Ark. Cir. Ct., 7th Cir. Div. 1). This motion to suppress contains allegations identical to those contained in Plaintiff's Complaint here. Further, Plaintiff is represented by the state Public Defender in that case.

1

## II.     LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III.     ANALYSIS

Plaintiff's claim is barred under the *Younger* abstention doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised

there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

As there is an ongoing state criminal proceeding regarding the search and seizure Plaintiff references in his Complaint, this Court is required to abstain from hearing it. Plaintiff is advised to consult with his Public Defender concerning any possible constitutional violations.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 4th day of October 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE