IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

L'KEITH ANTWAN IRVING                                           PLAINTIFF

v.                          Civil No.: 6:17-CV-06066

CORPORAL HEATH DICKSON and                                      DEFENDANTS
OFFICER CHRIS BRUNO

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to keep the Court apprised of his address, failure to obey a Court Order, and failure to prosecute this case.

### I. BACKGROUND

Plaintiff submitted his Complaint for filing on August 3, 2017. (ECF No. 1). That same day, the Court entered an Order directing the Clerk to provisionally file the Complaint. (ECF No. 3). This Order advised Plaintiff that his case would be subject to dismissal if he failed to inform the Court of an address change within 30 days from his transfer or release. (*Id.*).

On April 4, 2018, mail sent to Plaintiff at the Arkansas Department of Correction Delta Unit was returned undeliverable, noting he was no longer at the facility. Research by the Clerk revealed a change of address notice from Plaintiff in two other cases in this District,[1] indicating his address was 121 Crane Street in Flippin Arkansas. Plaintiff's address was updated, and mail resent to this address. Mail sent to this address was then returned as undeliverable on July 31st, August 14th, and August 31st of 2018. Accordingly, Plaintiff had until August 30, 2018, to inform

---

[1] *Irving v. Fain*, Case No. 6:17-cv-06069 and *Irving v. Fain*, Case No. 6:17-cv-06096.

1

the Court of his new address and has failed to do so. Plaintiff's last communication with the Court in this case was April 16, 2018. (ECF No. 20).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to obey a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 13th day of September 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE